IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

      Petitioner,

v.                                               CASE NO. 1:08-cv-44-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is a state prisoner in the custody of the Department of Corrections.  The Petition stems from a prison administrative disciplinary conviction, for which Petitioner was punished by 15 days of disciplinary confinement and the loss of 30 days of gain time.  Respondent has filed a response and appendix with relevant portions of the administrative record, and Petitioner filed a reply.  Docs. 8 and 9.  Upon due consideration of the Petition, the Response, and the Reply, the undersigned recommends that the Petition be denied.[1]

## Background

      Petitioner was charged by Officer Corbin with violating a rule in the Inmate Handbook that prohibits the lending, bartering, purchasing, or exchange of personal property.  Petitioner was charged because another inmate, Lee Davis, had been found

---

      [1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

in possession of Petitioner's legal material.  In the charge, Officer Corbin noted that when Petitioner was confronted with the violation he stated "I know it was against the rules but I was trying to help the guy out."  Respondent's Appendix Exhibit ("App. Exh.") C-D.   Following an investigation, Petitioner appeared at a disciplinary hearing at which Lieutenant Ross presided, and pleaded guilty.  *Id*.  On the basis of Petitioner's admission of guilt, Ross found Petitioner guilty.

Petitioner pursued administrative remedies from the disciplinary conviction arguing that (1) the Inmate Handbook conflicted with provisions of the Florida Administrative Code because the Handbook was more restrictive; (2) his due process rights were violated because Ross was not an impartial factfinder since he had been present when Petitioner and other inmates were questioned about the charge prior to the hearing; and (3) Petitioner was not awarded credit for time spent in administrative confinement prior to the disciplinary conviction.   *Id*.  Petitioner was denied administrative relief.  *Id*.

Petitioner sought relief by way of a mandamus petition in state court, asserting the same three grounds.  The state court concluded that grounds (1) and (3) did not assert cognizable claims for mandamus relief because they did not allege a clear right to the performance of a legal duty by a public officer.  *Id*.  As to ground (2), the state court concluded that Petitioner was not deprived of the due process rights required by *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974), because Petitioner had failed to allege facts showing that Ross was biased or that he was prejudiced by Ross' participation in the disciplinary hearing.  *Id*.  The First District Court of Appeals denied Petitioner's petition for a writ of certiorari.  *Id*. Exh. J.

The instant federal habeas petition followed.  Petitioner contends that he is entitled to federal habeas relief on the same three grounds that he raised before the state courts.  Doc. 1.  Petitioner seeks expungement of the disciplinary conviction, restoration of gain time, a declaration that the relevant sections of the Inmate Handbook and Florida Administrative code are unconstitutional, award of credit for administrative confinement for all future prisoners being sentenced for disciplinary infractions, and other relief.  *Id*.

## Federal Review of Disciplinary Proceedings

A state prisoner may seek federal habeas review of the loss of gain time as a result of a state prison disciplinary proceeding that allegedly violates his due process rights, but such habeas review is governed by the restrictions set forth under 28 U.S.C. § 2254.  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir.2003). Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's petition pursuant to 28 U.S.C. § 2254 is limited. *See Williams v. Taylor*, 529 U.S. 362, 403-404 (2000). Specifically, pursuant to § 2254(d)(1), the writ may issue only if (1) the state court's adjudication resulted in a decision that "(1) 'was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.' " Id. at 412-13 (quoting 28 U.S.C. § 2254(d)(1)).  In view of these governing standards, a federal court may not undertake a *de novo* review of the merits of a claim that a petitioner's due process rights were violated in connection with a prison disciplinary case. Rather, *Medberry* requires that the district court review a claim only to

determine whether the state court's application of clearly established federal law was unreasonable.  *Medberry*, 351 F.3d at 1054 n. 5.

The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact-finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-66 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." *Superintendent, Mass. Corr. Inst., v. Hill*, 472 U.S. 445, 447 (1985).

## Petitioner's Claims

In his first ground for relief, Petitioner contends that the rule in the Inmate Handbook for which he was disciplined was "unauthorized and unconstitutional" because it is more restrictive than the Florida Administrative Code, which permits prisoners to help each other with legal matters.  Doc. 1.  This ground does not provide a basis for federal habeas relief.  Federal courts in habeas corpus jurisdiction do not sit to enforce state law requirements.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Rather, if state law has created a liberty interest under the federal Constitution, only the process due on account of that federal liberty interest is determined by federal law.  *See*, *e.g.*, *Swarthout v. Cooke,* ___ U.S. ___, 131 S.Ct. 859, 862 (2011) (reaffirming, in the context of parole revocation proceedings, that matters of state law do not give rise to federal habeas relief, noting that "we have long recognized that 'a mere error of state law is not a denial

of due process.'").

Petitioner's third ground also does not assert a cognizable claim for federal

habeas relief.  Petitioner's placement in disciplinary confinement for a total of 21 days –

because he was not given credit for time served prior to the disciplinary hearing – was

not sufficient to trigger constitutional due process protection.  *See Sandin v. Connor*, 515

U.S. 472, 486 (1995) (thirty-day placement in disciplinary confinement was not atypical

or significant enough to trigger due process protection).  The Court plainly lacks

jurisdiction to afford any such prospective relief to prisoners convicted of disciplinary

infractions in the future.

In his second ground for relief, Petitioner contends that his due process rights

were violated because Ross was not impartial.  The state court rejected this claim as

follows:

> Petitioner pled guilty to the disciplinary infraction as charged.
> Defendant does not allege that his plea was involuntary in any way.
> Defendant's contention that he was not afforded a fair hearing is therefore
> misplaced.  Lieutenant Ross did not participate in any fact finding, and
> therefore could not have been biased in so doing.  Moreover, Petitioner
> has not alleged that Lieutenant Ross was an 'investigating or reviewing
> officer, that he had personal knowledge of material facts related to the
> involvement of the accused, or was otherwise personally interested in the
> outcome of the proceeding." *Piccirillo v. State*, 382 So.2d 743, 745 (Fla. 1st
> DCA 1980).  Lieutenant Ross's presence in the room when Defendant
> recounted his version of the facts was not sufficient to provide Lieutenant
> Ross with 'personal knowledge of material facts.'

App. Exh. F.

While prisoners have a due process right to an impartial decision maker,

Petitioner has failed to show that the state court erred in concluding that Lieutenant

Ross' participation did not violate this right.  Ross was not the lone member of the

disciplinary team; the record reflects that an additional officer, Joyce Deas, was a member of the team.  *See* App. Exh. C-D.  Petitioner makes no argument that Ms. Deas was not impartial.   In view of the fact that Petitioner admitted that he was guilty of the rule infraction, his assertion that he was deprived of due process due to an impartial decision maker is wholly unpersuasive.  As the state court noted, Lieutenant Ross engaged in no fact finding; none was necessary because Petitioner pleaded guilty.  Thus, there was no opportunity in Petitioner's case for Lieutenant Ross to engage in any significant decision making because the primary purpose of the hearing – to determine Petitioner's innocence or guilt – was resolved by Petitioner's guilty plea.

## Conclusion

Petitioner has failed to show that the state court's rejection of this due process claim was contrary to, or an unreasonable application of, federal law.  Accordingly, it is respectfully **RECOMMENDED** that the Petition, Doc. 1, be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS**  this 27th day of June 2011.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.