IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

   Petitioner,

v.                CASE NO. 1:08-cv-00044-MP-GRJ

WALTER A MCNEIL,

   Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 12, Report and Recommendation of the

Magistrate Judge, recommending that Mr. Perez' petition under 28 U.S.C. § 2254 be denied. The

petitioner filed objections, Doc. 13, and the Court has made a de novo determination of those

portions of the Report and Recommendation to which objection was made. 28 U.S.C. §

636(b)(1)(C).

The Court agrees that petitioner's first claim, based on a perceived conflict between the

Florida Administrative Code and the prison inmate handbook, does not state a federal cause of

action.  Second, the Court rejects petitioner's attempt, in his objections, to depict disciplinary

confinement in Florida as an "atypical and significant hardship" so as to trigger federal review.

As this district stated in McCiskill v. Deidrich, 2010 WL 1187882:

> Under the guidance of Sandin, the Eleventh Circuit has held that a Florida
> prisoner's confinement in administrative segregation for two months did not
> impose an atypical and significant hardship on the prisoner.  Rodgers v.
> Singeltary, 142 F.3d 1252, 1253 (11th Cir.1998). In recent unpublished opinions,
> the court has held that a Florida prisoner's short sentences of disciplinary
> confinement did not trigger due process protections. Smith v. Regional Director
> of Florida Dep't of Corrections, No. 09-11443, 2010 WL 447014, at *3 (11th Cir.
> Feb.10, 2010) (affirming dismissal of prisoner's § 1983 claims challenging 15-

and 30-day disciplinary confinements on due process grounds; plaintiff failed to allege any facts which could be liberally construed to show that the disciplinary confinements were a major disruption to his environment as compared to placement in the general population); Shaarbay v. Palm Beach County Jail, No. 09-11294, 2009 WL 3401423, at *2 (11th Cir. Oct.23, 2009) (holding that State's placement of prisoner in disciplinary confinement for 30 days was neither "atypical" nor imposed a "significant hardship," and therefore did not constitute a due process violation.

Id. at *3 (Report and Recommendation of Magistrate Judge, incorporated into district court order of dismissal, dated March 23, 2010).  Finally, the Court also agrees with the Magistrate Judge that since plaintiff admitted that he violated the no-lending rule, Lt. Ross did not engage in any fact-finding, and thus any potential bias could not have affected the outcome.  Therefore his due process claim also fails.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge, Doc. 12, is accepted and incorporated herein.

2.      The Petition, Doc. 1, is DENIED, and a certificate of appealability is DENIED.

**DONE AND ORDERED** this _14th_  day of July, 2011

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge